IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| LUDMILA PLITT | BANKRUPTCY NO. 25-15224 (DJB) |
| Debtor | |
| CHRISTINE C. SHUBERT, in her capacity as the Chapter 7 Trustee for the Estate of LUDMILA PLITT | |
| Plaintiff | |
| v. | ADVERSARY NO. 26- |
| VITALIE CECAN | |
| Defendant | |

**COMPLAINT OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER A FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550**

Christine C. Shubert, Chapter 7 Trustee (the "Trustee" and "Plaintiff") for the estate of Ludmila Plitt (the "Debtor"), by and through her counsel, Karalis PC, hereby brings this Complaint against Vitalie Cecan (the "Defendant"), and in support thereof, respectfully avers as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this adversary proceeding pursuant to and under Rule 7001 of the Federal Rules of Bankruptcy Procedure, seeking relief pursuant to, *inter alia*, Sections 544 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") to avoid and recover a fraudulent transfer made to the Defendant.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (H) and (O).

3. Venue of this adversary proceeding is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1409(a).

4. The Court has personal jurisdiction over the Defendant pursuant to Fed. R. Bankr. P. 7004 and because the Defendant transacted and did business with the Debtor prior to the Petition Date (as defined hereinafter).

## PARTIES

5. The Plaintiff is the duly qualified and acting Chapter 7 Trustee in this bankruptcy proceeding.

6. The Defendant is an individual residing at 191 Fairview Road, Woodlyn, PA 19094.

7. The Defendant is the Debtor's ex-husband.

## STATEMENT OF FACTS

**A.    Procedural Background.**

8. On December 23, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. On December 30, 2025, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtor's estate, which appointment remains in effect.

**B.    The Transfer.**

10. On June 29, 2016, the Debtor purchased residential real property located at 191 Fairview Road, Woodlyn, PA 19094 [Parcel ID # 38-02-00765-00] (the "Real Property").

11. The deed was recorded on April 6, 2017 at Instrument No. 2017018045 with the Delaware County, Pennsylvania Recorder of Deeds.

12.  Thereafter, upon information and belief, the Defendant and the Debtor were married but subsequently divorced on or about August 31, 2020.

13.  By way of a deed dated June 29, 2023 and recorded on July 19, 2023 at Instrument No. 2023025171 (the "2023 Deed") with the Delaware County, Pennsylvania Recorder of Deeds, the Real Property was transferred by the Debtor, as grantor, to the Defendant, as grantee for the sum of $1.00 (the "Transfer"). The Deed is attached hereto as Exhibit "A" and made a part hereof.

14.  At the time of the Transfer, the Debtor had defaulted on her obligations owed to Alevtina Shubinsky ("Ms. Shubinsky") in the amount of at least $93,000.00.

15.  At the time of the Transfer, the Debtor had no meaningful assets other than the Real Property.

16.  The Declaration of the Plaintiff in Support of this Complaint is attached hereto as Exhibit "B" and made a part hereof.

## COUNT I

### To Avoid Actual Fraudulent Transfer Pursuant to 11 U.S.C. § 544

17.  The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 16 hereof as if fully set forth herein at length.

18.  A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). In pertinent part, this statutory provision states:

> **(b)(1)** . . . the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title . . .

*See*, 11 U.S.C. § 544(b)(1).

19. The requisite state law theory that the Plaintiff seeks to apply in this action to avoid the actual fraud incurred is § 5104 of the Pennsylvania Uniform Voidable Transactions Act (the "PUVTA"), which reads, in relevant part, as follows:

(a) General rule. – A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1) with actual intent to hinder, delay or defraud any creditor of the debtor . . .

(b) Certain factors. – In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:
(1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was disclosed or concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and
(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor . . .

*See*, 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

20. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

21. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within the applicable time-limitation period. The Transfer occurred within four (4) years of the Petition Date.

4

22. As set forth herein, the Debtor owed obligations to Ms. Shubinsky at the time of the Transfer and as of the Petition Date.

23. As set forth herein, at the time of the Transfer, the Debtor had no meaningful assets other than the Real Property.

24. As already stated, a review of the present set of facts clearly and convincingly demonstrates that the Debtor made the Transfer to the Defendant. *See*, Exhibit "A".

25. Specifically, a review of the present set of facts clearly and convincingly demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

26. That being so, the Plaintiff believes and therefore avers that the Debtor made the Transfer to the Defendant with actual intent to hinder, delay or defraud her creditors in accordance with 12 Pa. C.S.A. §§ 5104(a)(1) and (b).

27. The Plaintiff believes and therefore avers that the actual intent of the Debtor to hinder, delay or defraud her creditors is clearly and convincingly demonstrated by the following facts and circumstances identified below:

    (a) The Debtor received no reasonably equivalent value for the Transfer;

    (b) The Transfer was made to the Defendant who is a non-statutory insider of the Debtor;

    (c) The Transfer occurred when the Debtor was having financial difficulties;

    (d) The Transfer occurred when the Debtor had been sued or threatened with suit;

    (e) The Transfer was substantially all of the Debtor's assets; and

    (f) The Transfer occurred at a time when the Debtor was insolvent or likely to become insolvent as a result of the

Transfer.

28. In short, the Plaintiff believes and therefore avers that the Debtor intended, believed, or reasonably should have believed that by making the Transfer to the Defendant she would be unable to meet her obligations to her creditors.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant in accordance with 11 U.S.C. § 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(1) and (b) as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(c) Awarding pre- and post-judgment interest;

(d) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT II

### To Avoid Constructive Fraudulent Transfer Pursuant to 11 U.S.C. § 544

29. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 28 hereof as if fully set forth herein at length.

30. A bankruptcy trustee may recover fraudulent transfers made by a debtor by the use of state law through the portal of 11 U.S.C. § 544(b)(1). One of the state law theories that the Plaintiff seeks to apply in this action to avoid the constructive fraud incurred is § 5104 of the PUVTA:

(a) General rule. — A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the

transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

. . .

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due . . .

*See*, 12 Pa. C.S.A. § 5104(a)(2).

31. In this action, a review of the present set of facts shows that the Plaintiff is empowered to pursue claims for a fraudulent transfer on behalf of the Debtor's estate.

32. In this action, a review of the present set of facts shows that the fraudulent transfer claims being pursued by the Plaintiff occurred within four (4) years of the Petition Date.

33. As already stated, a review of the present set of facts affirmatively demonstrates that the Debtor made the Transfer to the Defendant. *See*, Exhibit "A".

34. Specifically, a review of the present set of facts affirmatively demonstrates that the Transfer constituted a transfer of an interest of the Debtor in property.

35. As set forth herein, the Debtor owed obligations to Ms. Shubinsky at the time of the Transfer and as of the Petition Date.

36. As set forth herein, at the time of the Transfer, the Debtor had no meaningful assets other than the Real Property.

37. This being so, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was insolvent, or likely to become insolvent as a result of the Transfer.

38. In like manner, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor was engaged in, or about to be engaged in, a business or a transaction for which his remaining assets were unreasonably small capital.

39. At the same time, the Plaintiff believes and therefore avers that the Transfer was made for less than a reasonably equivalent value at a time when the Debtor would incur debts beyond her ability to pay.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 12 Pa. C.S.A. §§ 5104(a)(2) as follows:

(a) Declaring that the Transfer be set aside and declared void;

(b) Preserving the voided transfer for the benefit of the Debtor's estate under 11 U.S.C. § 551;

(c) Awarding pre- and post-judgment interest;

(d) Awarding the Plaintiff her costs and reasonable attorneys' fees; and

(e) Granting such other relief as this Honorable Court deems just and appropriate.

## COUNT III

### To Recover the Transfer Pursuant to 11 U.S.C. § 550

40. The Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 39 hereof as if fully set forth herein at length.

41. The Bankruptcy Code, at 11 U.S.C. § 550, empowers bankruptcy trustees to recover avoided transfers from initial transferees and subsequent transferees.

42. This section gives the Plaintiff the ability to recover avoided transfers or their value

for the benefit of the estate, and provides, in pertinent part, as follows:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from —

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

*See*, 11 U.S.C. § 550(a).

43. The Defendant is the initial transferee of the Transfer within the meaning of § 550(a)(1) of the Bankruptcy Code. *See*, Exhibit "A".

44. Pursuant to § 550(a) of the Bankruptcy Code, the Plaintiff may recover, for the benefit of the Debtor's estate, the property transferred to the Defendant as described herein or the value of such property.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant pursuant to 11 U.S.C. § 550(a) as follows:

(a) Recovering, for the benefit of the Debtor's estate, the Transfer or its value in accordance with 11 U.S.C. § 550(a)(1);

(b) Awarding the Plaintiff her costs and reasonable attorneys' fees;

(c) Awarding pre-judgment and post-judgment interest and

(d) Granting such other relief as this Honorable Court deems just and appropriate.

**Respectfully submitted,**

**KARALIS PC**

By: /s/ Robert W. Seitzer
ROBERT W. SEITZER
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Plaintiff/Trustee*

Dated: February 12, 2026

# **EXHIBIT "A"**

## DO NOT DETACH



10198083-0017T

**Instrument Number:** 2023025171
**Volume/Page:** RECORD BK 6919 PG 1266
**Recorded Date:** 07/19/2023 12:42:35 PM

| | |
|---|---|
| Transaction Number: 974951<br>Collected By: kiddk<br>Document Type: DEED<br>Document Page Count: : 4 | Return To (Simplifile):<br>J & A Abstract, Inc<br>347 2ND STREET PIKE STE 1<br>SOUTHAMPTON, PA 18966-3831 |
| Parcel ID: 38-02-00765-00 | |

Robert A. Auclair, Esq.
Delaware County Recorder of Deeds
Government Center, Room 107
201 W. Front Street
Media, PA 19063
610-891-4152

| Fees: | |
|---|---:|
| RECORDING FEES: | $37.50 |
| AFFORDABLE HOUSING FEE: | $18.00 |
| COUNTY IMPROVEMENT FUND: | $5.00 |
| ACT 152 FEE: | $15.00 |
| JCS/ATJ FEE: | $40.25 |
| WRIT TAX: | $0.50 |
| Total Fees: | $116.25 |
| Amount Paid: | $116.25 |
| Amount Due: | $0.00 |

Instrument Number: 2023025171
Volume/Page: RECORD BK 6919 PG 1266
Recorded Date: 07/19/2023 12:42:35 PM

OFFICIAL RECORDING COVER PAGE
## DO NOT DETACH
THIS PAGE IS NOW PART OF THIS RECORDED DOCUMENT
NOTE: If the document data differs from this cover sheet, please first check the document on our website to ensure it has been corrected. The document data always supersedes the cover page.
If an error on the cover page appears on our website after review please let our office know.
COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

This is a Deed Transfer from <u>Wife to Husband only</u> and is therefore transfer <u>tax exempt</u>.

Parcel ID No. 38-02-00765-00
Prepared By:  Emanuel Kosacci, Esq.
              Kosacci Law Firm, P.C.
              4821 E. Street Road
              Trevose, PA 19053

# This Quit-Claim Deed, made the 29th Day of June, 2023,

Between

**LUDMILLA PLITT**

(hereinafter called the Grantors), of the one part, and

**VITALIE CECAN**

(hereinafter called the Grantee), of the other part,

**WITNESSETH** that the said Grantors for and in consideration of the sum of ($1.00) ONE DOLLARS and 00/100, lawful money of the United States of America, unto them well and truly paid by the said Grantee, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, does grant, quitclaim, release and confirm unto the said Grantee(s), his, her, their heirs and assigns.

Street Address: <u>191 FAIRVIEW ROAD, WOODLYN, PA 19094</u>

## LEGAL DESCRIPTION ON FOLLOWING PAGE

Deed

ALL THAT Certain lot or piece of ground and buildings erected thereon Situate in the Township of Ridley, County of Delaware, State of Pennsylvania and described as follows, to wit:

BEGINNING at at point in the center line of Fairview Road One Hundred Forty six and sixty one hundredths feet from its intersection with the center line on Jefferson Avenue; thence along said center line South Six degrees, eighteen minutes East Thirty nine and seventeen one hudredths feet to a point; thence along said center line South Seventeen degrees, twent-six minutes fourteen seconds East four and forty-six one hundredths feet to a point; thence South sixty-five degrees twenty-five minutes ten seconds West one hundred twenty five feet to a point; thence North nineteen degrees, eleven minutes twenty seconds West fifty four and thirty one one hundredths feet to a point; thence North Seventy degrees, forty eight minutes forty seconds East one hundred thirty three and thirty one hundredth feet to the point and place of beginning.

UNDER and SUBJECT to the use in common with the owners and tenants of adjoining properties of any paved driveways and walkways abutting sais adjoining properties and the property herein conveyed;

and also UNDER and SUBJECT to restrictions and easements of record.

FOLIO NO. 38-02-00765-00

BEING the same premises which ESTATE OF HELEN B. HARPER, AN INCAPCITATED PERSON BY HER GUARDIAN JAXQUELYN S. GOFFNEY by Deed dated June 19, 2016, and recorded in the County of Delaware as Document No. 2017018045, RD BK 05978-2002, granted and conveyed unto LUDMILLA PLITT, in fee.

ALSO UNDER AND SUBJECT to all conditions and restrictions of record.

TO HAVE AND TO HOLD the said lot or piece of ground described premises together with the appurtenances, unto the said Grantees, Heirs and assigns, forever.

TOGETHER WITH all and singular buildings, improvements, rights, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of him, the said grantors, as well at as in equity, or, in and to the same.

IN WITNESS THEREOF, the parties of the first part have hereunto set their hand and seal. Dated the day and year first above written.

Parcel ID No. 38-02-00765-00

SEALED AND DELIVERED
IN THE PRESENCE OF US:

_____ {SEAL}
LUDMILLA PLITT

GRANTEE ADDRESS:

191 FAIRVIEW ROAD, WOODLYN, PA 19094

Deed

STATE OF PENNSYLVANIA
COUNTY OF BUCKS

On this ____29____ day of June, Year 2023, before Me, the undersigned Notary Public, personally appeared:

LUDMILLA PLITT

Known, to me (or satisfactorily proven) to be the person whose name(s) are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*Madelyn P. Kubach*
Notary Public
Notary Public

Commonwealth of Pennsylvania - Notary Seal
MADELYN PAIGE KUBACH - Notary Public
Bucks County
My Commission Expires May 24, 2025
Commission Number 1398420

Deed

Delaware County Recorder of Deeds    Instrument # 2023025171    Page 5 of 5    07/19/2023 12:42:35 PM

1830019105

**pennsylvania** (EX) MOD 05-19
(FI)

# REV-183

BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

**REALTY TRANSFER TAX STATEMENT OF VALUE**
COMPLETE EACH SECTION

RECORDER'S USE ONLY
State Tax Paid: 0
Book: 6919    Page: 1266
Instrument Number: 2023025171
Date Recorded: 7/19/23

## SECTION I — TRANSFER DATA

Date of Acceptance of Document: 06/29/2023

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
|---|---|---|---|
| Ludmilla Plitt | | Vitalie Cecan | |

| Mailing Address: 191 Fairview Rd | | | Mailing Address: 191 Fairview Rd | | |
|---|---|---|---|---|---|
| City: Woodlyn | State: PA | Zip Code: 19094 | City: Woodlyn | State: PA | Zip Code: 19094 |

## SECTION II — REAL ESTATE LOCATION

| Street Address: 191 Fairview Rd | City, Township, Borough: Twp/Boro: Ridley Township |
|---|---|
| County: Delaware | School District: Twp/Boro: Ridley Township | Tax Parcel Number: 38-02-00765-00 |

## SECTION III — VALUATION DATA

Was transaction part of an assignment or relocation? ☐ Y ☑ N

| 1. Actual Cash Consideration $1.00 | 2. Other Consideration + $0.00 | 3. Total Consideration = $1.00 |
|---|---|---|
| 4. County Assessed Value $201,010.00 | 5. Common Level Ratio Factor X ~~1.52~~ 1.37 | 6. Computed Value = ~~$305,535.20~~ 275383.70 |

## SECTION IV — EXEMPTION DATA – Refer to Instructions for exemption status.

| 1a. Amount of Exemption Claimed ~~$305,535.20~~ 275383.70 | 1b. Percentage of Grantor's Interest in Real Estate 100% | 1c. Percentage of Grantor's Interest Covered 100% |
|---|---|---|

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession
_____    _____
(Name of Decedent)    (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)
☐ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)
☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
☒ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

**Transfer from Wife to Husband**

## SECTION V — CORRESPONDENT INFORMATION – All inquiries may be directed to the following person:

| Name: Ludmilla Plitt | Telephone Number |
|---|---|
| Mailing Address: 191 Fairview Rd | City, State ZIP Code: Woodlyn PA 19094 |

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date: 06/29/2023 |
|---|---|

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

1830019105    1830019105

PAGE 1

# **EXHIBIT "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** : | **CHAPTER 7** |
| : | |
| **LUDMILA PLITT** : | **BANKRUPTCY NO. 25-15224 (DJB)** |
| : | |
| Debtor : | |
| : | |
| **CHRISTINE C. SHUBERT, in her** : | |
| **capacity as the Chapter 7 Trustee for** : | |
| **the Estate of LUDMILA PLITT** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | **ADVERSARY NO. 26-** |
| : | |
| **VITALIE CECAN** : | |
| : | |
| **Defendant** : | |
| : | |

DECLARATION OF CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE,
IN SUPPORT OF THE COMPLAINT OF CHRISTINE C. SHUBERT,
CHAPTER 7 TRUSTEE, TO AVOID AND RECOVER A FRAUDULENT
TRANSFER PURSUANT TO 11 U.S.C. §§ 544 AND 550

The undersigned hereby swears and affirms pursuant to 28 U.S.C. § 1746 that the following information is true and correct to the best of my knowledge, information and belief:

1. I am the Chapter 7 Trustee of the above-referenced bankruptcy estate.

2. On February 12, 2026, I filed the Complaint of Christine C. Shubert, Chapter 7 Trustee, to Avoid and Recover a Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550 (the "Complaint").

3. I reviewed the Complaint prior its filing with the Court.

4. All of the facts and averments set forth in the Complaint are true and correct and I offer these facts and averments in support of the relief sought in the Complaint.

5.    I declare under penalty of perjury that the foregoing is true and correct.

    /s/ Christine C. Shubert
    Christine C. Shubert,
    Chapter 7 Trustee

Dated: February 12, 2026